UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARKESHA JONES,

    Plaintiff,                        CASE NO.:

v.

FIRST PREMIER BANK,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MARKESHA JONES (hereinafter "Plaintiff"), by and through the undersigned counsel, and sues Defendant, FIRST PREMIER BANK (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1.     The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

## JURISDICTION AND VENUE

3.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

5.      The alleged violations described herein occurred in Davidson County, Tennessee. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Nashville, Davidson County, Tennessee.

7.      Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

2

8. Defendant is a corporation with its principal place of business located at 601 South Minnesota Avenue, Sioux Falls, South Dakota, 57104, and which conducts business in the State of Tennessee.

9. Defendant auto-dialed Plaintiff's cell phone dozens of times in an attempt to collect an alleged debt associated with an account Plaintiff closed in 2016.

10. Some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

11. Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line, which is a commonly known indicator of the use of an ATDS.

12. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (615) ***-1135, and was the called party and recipient of Defendant's calls.

13. Defendant placed an exorbitant number of automated to Plaintiff's cellular telephone (615) ***-1135 in an attempt to collect an alleged debt associated with a closed account.

14. On several occasions since the Defendant's campaign of auto-dialer calls began Plaintiff has instructed Defendant's agent(s) to stop calling her cellular telephone.

3

15.     In or about January of 2019, Plaintiff communicated with Defendant from her aforementioned cellular telephone number and instructed Defendant's agent to cease calling.

16.     Specifically, Plaintiff advised Defendant's agent that the account was closed and she did not owe Defendant any money so Defendant should "stop calling."

17.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

18.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

19.     Defendant has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

20.     Defendant has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

21.     Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

22.     Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff.

23.     From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

24.     Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

25.     As a result of the calls described above, Plaintiff suffered an invasion of privacy.

26.     Defendant's calls were constantly interrupting Plaintiff at her workplace and interfering with her job performance.

27.     Plaintiff was also affected in a personal and individualized way by anger, stress, worry, frustration, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA)

28.     Plaintiff fully incorporates and re-alleges paragraphs one (1) through twenty-seven (27) as if fully set forth herein.

29.     Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that Plaintiff wished for the calls to stop.

30.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

5

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against FIRST PREMIER BANK for statutory damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
BPR #: 035859
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
*Counsel for Plaintiff*

*/s/Zachary Wiley, Esquire*
Zachary Wiley, Esquire
BPR #: 031459
Morgan & Morgan
810 Broadway, Suite 105
Nashville, TN 37203
Telephone: (615) 514-4209
Facsimile: (615) 986-6183
zwiley@forthepeople.com
rforrest@forthepeople.com
*Counsel for Plaintiff*